Argued May 6, affirmed May 30, petition for rehearing
denied July 1, 1975

DAVIS ET UX, *Respondents, v.* GASSNER ET UX,
*Appellants.*

535 P2d 760

*Riney J. Seeger,* Burns, argued the cause and filed
a brief for appellants.

*Claud A. Ingram* of Ingram and Schmauder, John
Day, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and HOLMAN,
TONGUE and BRYSON, Justices.

## PER CURIAM.

■ This is a suit in equity in which plaintiffs seek to enjoin defendants from interfering with plaintiffs' use of a roadway across defendants' ranch from plaintiffs' ranch to the Monument-Kimberly Highway in Grant County, Oregon. The court below found that plaintiffs had established an easement by prescription over defendants' land and entered a decree permanently enjoining defendants from further interference with plaintiffs' use of the roadway. Defendants appeal, alleging that the trial court erred in finding that plaintiffs had established adverse user for the statutory period by clear and convincing evidence.[①]

■ We affirm. The evidence supporting the finding of adverse use by plaintiffs and their predecessors in interest is clear and convincing. This is sufficiently stated by the opinion of the trial court and no purpose would be served by our attempt to improve upon his statement. We therefore adopt the following opinion by the trial judge as our own.

"Plaintiffs seek an injunction restraining the defendants from interference of their use of a roadway traversing defendants' ranch affording ingress and egress by plaintiffs to the Monument-Kimberly Highway from plaintiffs' adjoining ranch.

"The complaint relies on two theories, viz, (1) that plaintiffs have an easement by implication and

---

[①] Defendants also allege that the court erred in striking defendants' plea in abatement which asserted that equitable cognizance of plaintiffs' claim should be denied because of the existence of an adequate remedy at law under ORS 376.105, which provides for the establishment of ingress and egress where a farm or residence is not reached conveniently by a public road. The plea was without merit and properly stricken. No legal proceeding is available to gain the relief plaintiffs seek—an injunction against future interference with their use of the roadway.

(2) that plaintiffs and their predecessors in interest have acquired an easement by prescription.

"The tracts of land now owned by the parties respectively were, prior to 1919, in the common ownership of one C. F. Putnam. The basic issue as to the claim of an easement by implication turns on the question of whether or not the road was in existence at the time of the severance so as to permit this court to conclude that the grantor must have intended that his grantee would have such an easement. The evidence as to the existence of such a road on the date in question is not sufficiently clear and convincing to support plaintiffs' claim. Certainly the existence of an operating ranch, prior to that date, with the usual buildings and appurtenances would lead to the inference that there was a road providing access from the farmstead to the Monument-Kimberly Highway. However, another reasonable inference might be that the ingress and egress to the farmstead was afforded through the use of the adjoining Holmes Road.

"The court is of the opinion that plaintiffs' right to an easement must rest on adverse user. Although the use of an existing road may raise the presumption of permissive user e.g. *Woods v. Hart,* 254 Or. 434, 458 P2d 945 (1969), the evidence in this case establishes sufficient adverse user for a period long in excess of ten years. The evidence that persuades the court to this conclusion came primarily from the witnesses Charles Roach and Leo Flowers.

"Mr. Roach testified that he used the road constantly from 1932 to 1964 at which time he sold the [Davis] ranch, that the road in 1932 was as it is now, that the use of the Holmes road was infrequent but always permissive, that he repaired and graveled the road in question as did others, specifically the County and the C.C.C., that on the occasions during the 1950's when the defendants attempted to block the road he

would cut the wire and traverse the road notwithstanding defendants' efforts and frequently protested defendants' flooding of the road under a claim of right to use the road.

"Mr. Flowers testified that the road in 1949 was as it is now, that he hauled logs over the road in 1954-55 with permission of *plaintiffs'* immediate predecessor in interest, that members of the public have used the road 'considerably' and that there have been no changes in the road in the period of 1949 to 1970.

"The testimony of these two apparently disinterested witnesses was further buttressed by the testimony of the witness Luella Neal. Mrs. Neal testified to a familiarity with the road since 1939, that the road is a normal, dirt road used by many people frequently, that it was the only road that could be used to afford access to plaintiffs' ranch during her experience in its use and that no one had ever interfered with her use.

"It is, therefore, the conclusion of the court that the evidence is clear and convincing that plaintiffs have acquired a prescriptive easement to the use of the road for ingress and egress from the highway to their ranch. It is equally clear that the conduct of the defendants in flooding of the roadway and the installation of cables and other barriers across the road is denying the exercise by plaintiffs of a substantial and established right. Accordingly, the plaintiffs are entitled to the relief of a permanent injunction as prayed in the complaint."

Affirmed.