Submitted March 4, reversed and remanded August 3, 2016

MARK ALAN HAYS,
*Plaintiff-Appellant,*

*v.*

OREGON DEPARTMENT OF CORRECTIONS,
*Defendant-Respondent.*

Marion County Circuit Court
15AD00520; A159525

380 P3d 1159

Audrey J. Broyles, Judge pro tempore.

Mark Alan Hays filed the brief *pro se.*

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Debra C. Maryanov, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**PER CURIAM**

Plaintiff, an inmate appearing *pro se*, filed a petition for declaratory relief in the circuit court seeking a declaration whether ORS 421.121 authorizes a reduction of earned-time credit for his crime of conviction. He also filed an application for deferral or waiver of fees. *See* ORS 30.643. Ultimately, the trial court issued a limited judgment denying plaintiff's fee-waiver request based on plaintiff's "[f]ailure to state a claim upon which relief can be granted." *See* ORS 30.643(5) ("On its own motion or on the motion of the public body, the court may review the pleadings of the inmate in an action against a public body at the time a request for waiver or deferral of filing fees or court costs is made. If the court finds that the pleadings fail to state a claim for which relief may be granted, the court may decline to waive or defer filing fees or court costs. The court shall enter a denial of waiver or deferral of fees and costs under this subsection as a limited judgment."). Plaintiff appeals that judgment, contending, among other things, that the trial court erred in denying his fee-waiver application and dismissing his case on that basis. Defendant agrees that plaintiff's petition states a justiciable claim for declaratory relief under the Uniform Declaratory Judgments Act, ORS 28.010 to 28.160, and, therefore, concedes that the trial court erred.

We agree. A claim for declaratory relief is legally sufficient if it alleges facts showing the existence of a justiciable controversy. *Lewis v. Miller*, 197 Or 354, 358-59, 251 P2d 876 (1952); *Doe v. Medford School Dist. 549C*, 232 Or App 38, 45, 221 P3d 787 (2009). Because, as defendant recognizes, plaintiff's petition for a declaratory judgment adjudicating his rights under ORS 421.121 is justiciable, he is not required to plead what would amount to a claim for relief apart from establishing his rights under that statute. *Doyle v. City of Medford*, 356 Or 336, 372-73, 337 P3d 797 (2014) (justiciability requirements for declaratory judgment are satisfied by showing that rights, status, or other legal relations are affected by the relevant statute). Accordingly, we accept defendant's concession and reverse and remand for further proceedings.

Reversed and remanded.