No. 71          November 17, 2016          569

IN THE SUPREME COURT OF THE
STATE OF OREGON

John B. WELS, Jr.,
*Respondent on Review,*

*v.*

Douglas W. HIPPE,
*Defendant,*
*and*

Le Roy HIPPE
and Cheryl Hippe,
*Petitioners on Review.*

(CC 101215E3; CA A150238; SC S063486)

On review from the Court of Appeals.*

Argued and submitted June 15, 2016.

Clayton C. Patrick, Clatskanie, argued the cause and filed the brief for petitioners on review.

John R. Hanson, Medford, argued the cause and filed the brief for respondent on review. Also on the brief was Tracey R. Howell.

Before, Balmer, Chief Justice, and Kistler, Walters, Landau, Baldwin, and Brewer, Justices, and DeHoog, Justice pro tempore.**

LANDAU, J.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

_____

\* Appeal from Jackson County Circuit Court, Ronald D. Grensky, Judge. 269 Or App 785, 347 P3d 788 (2015).

\*\* Nakamoto, J., did not participate in the consideration or decision of this case.

**LANDAU, J.**

Plaintiff seeks a prescriptive easement over an existing road that crosses defendants' property. To establish a prescriptive easement, the law requires (among other things) that plaintiff's use of the road was adverse to the rights of the owners of the property. The dispute in this case is whether plaintiff satisfied the requirement to prove such adverse use. The trial court found that plaintiff did establish adverse use of the road in either of two ways. First, it found that plaintiff showed that his use of the road interfered with defendants' rights, in that defendants could see vehicles passing in close proximity to their house. Second, and in the alternative, the court found that plaintiff established adversity through testimony that he believed—although without communicating that belief to defendants—that he had the right to use the road without defendants' permission. The Court of Appeals affirmed. *Wels v. Hippe*, 269 Or App 785, 347 P3d 788 (2015).

We conclude that the trial court and the Court of Appeals erred. To establish that the use of an existing road is adverse, a plaintiff must show that the use of the road interfered with the owners' use of the road or that the use of the road was undertaken under a claim of right of which the owners were aware. In this case, there is a complete absence of evidence in the record of either of those things. We therefore reverse the decision of the Court of Appeals and the judgment of the trial court.

The relevant facts are not in dispute. Plaintiff owns three contiguous parcels of rural property near the Rogue River. He purchased the parcels in 1998. The nearest state highway, the Crater Lake Highway, is located some distance away. In between plaintiff's property and the highway lie federally owned forest lands and a number of private parcels. Defendants own one of those private parcels, a 20-acre lot, where they have lived since 1973.

A private dirt road, known as "Lewis Creek Road," runs from plaintiff's property across the federally owned forest land and the intervening private parcels, eventually connecting to another private road and, ultimately, the highway.

Lewis Creek Road crosses defendants' property and passes
within 60 to 80 feet of their house. No one knows who built
Lewis Creek Road or when it was first constructed, but old
records indicate that it has been in existence since at least
1932. Plaintiff and the other private property owners in the
area have used it to access the Crater Lake Highway.



At some point, defendants erected a chain across Lewis Creek Road where it entered their property. But they left the chain unlocked and provided keys to neighbors, including plaintiff. Plaintiff sometimes performed general maintenance of the road, including dragging an iron bar behind his truck to level the road. On one occasion, he asked defendants for permission to trim the brush alongside the road, and defendants agreed. Plaintiff's use of Lewis Creek Road across defendants' property caused some dust and vehicle noise, but defendants did not believe that it interfered with their use of the road or of their land.

In 2008, plaintiff decided to build a cabin on his property. The county, however, would not issue the necessary permits unless he obtained written confirmation of his right to use Lewis Creek Road for access to the Crater Lake Highway. Plaintiff tried to obtain written easements from each of the private property owners over whose property Lewis Creek Road ran. He succeeded in obtaining easements from some of the private property owners, but not from defendants. Plaintiff then initiated this action for a declaration that he had acquired a prescriptive easement to use the part of Lewis Creek Road on defendants' property. Plaintiff advanced no other theory in support of his right to use the road.

In his trial memorandum, plaintiff asserted that he had used Lewis Creek Road for access to his property openly, notoriously, and continuously from the time he purchased the property in 1998. He further asserted that he thought he had the right to do so without defendants' permission and thus had acquired an easement to use the road by prescription.

In response, defendants' trial memorandum "concede[d] that plaintiff has used the roadway open and notoriously. Defendants dispute[d] that plaintiff's use ha[d] been adverse." Defendants argued that, in other words, although plaintiff's use of the road may have been obvious, it was permissive. In support, defendants asserted that, when a prescriptive easement claim involves the nonexclusive use of an existing road, such use is presumed to have been permissive, and anyone claiming otherwise must establish that

their use of the existing road interfered with the owner's use of it. In this case, defendants argued, there was no evidence that plaintiff's use of Lewis Creek Road interfered with their own use of the same road.

In their opening statement, defendants elaborated on that line of argument:

"And it's presumed if he used open and notoriously then it was adverse. And so we think that he's got that presumption going in. If that presumption exists, it's up to the defendants to rebut that with—by showing that his use was of an existing road, did not interfere with defendants' use of the road and—and it was not exclusive. His use was not exclusive if others used the road, like the defendants or others. And if defendants can rebut those three pieces, [plaintiff] still has to come up with some other way to prove adversity by clear and convincing evidence. And I don't think he's got that."

In his opening statement, plaintiff acknowledged that what was in dispute was whether, in light of his nonexclusive use of Lewis Creek Road, his use nevertheless was "open and notorious and hostile or adverse." His position was that he had satisfied all those requirements because, during the years that he used the road, he "never received anything like permission," that he "always assumed that [Lewis Creek Road] was his access," and that "[h]e had a right to use it."

At trial, two witnesses testified—plaintiff and defendant Douglas Hippe—establishing the foregoing facts. Following the trial, the court issued a written opinion ruling for plaintiff. The court explained that, in cases involving the use of an existing road, there is a presumption that such use was not adverse, but instead was permissive. Nevertheless, the court explained, that presumption could be rebutted with evidence either that plaintiff's use "interfered with [d]efendant's right on his property" or that plaintiff mistakenly thought that he had the right to use the road without defendants' permission. In this case, the court concluded, plaintiff established both. As the trial court saw it, evidence that plaintiff's vehicles passed in "close proximity" to defendants' house interfered with defendants' rights to use their

property, and, in any event, it was undisputed that plaintiff mistakenly thought that he had the right to use the road.

Defendants appealed. They argued that the trial court erred in concluding that plaintiff had rebutted the presumption of permissive use for two reasons. First, defendants argued that the trial court erred in relying on evidence that plaintiff's vehicles passed in close proximity to their house, presumably referring to testimony that such use kicked up dust and made noise. That evidence, defendants argued, was not sufficient, because noise and dust "did not interfere with defendants' use" of the road. Second, defendants argued that the trial court also erred in relying on plaintiff's uncommunicated, subjective belief that he had the right to use Lewis Creek Road without their permission. As defendants put it, merely "[t]hinking you have a right to use a road is not sufficient" to establish adverse use.

The Court of Appeals affirmed. In so doing, the court did not address whether the trial court erred in concluding that evidence of dust and noise from plaintiff's use of the road was sufficient to rebut the presumption of permissive use. Rather, it focused on the question whether plaintiff's mistaken belief that he had the right to use Lewis Creek Road was adequate to rebut that presumption. Relying on the *Restatement (First) of Property* § 458 (1944), the court explained that "adverse" use has three elements: (1) it is not made in subordination to the owner; (2) it is wrongful as to the owner; and (3) it is open and notorious. *Wels*, 269 Or App at 795-96. The court noted that there was no dispute that plaintiff's use was wrongful and defendants had "conceded" that plaintiff's use was open and notorious. *Id.* at 797 n 4. So, the court explained, the only issue in dispute was whether plaintiff's use was made in subordination to defendants'. Relying on the unrebutted evidence that plaintiff used Lewis Creek Road under the mistaken belief that he had a right to do so without defendants' permission, the court concluded that there was evidence sufficient to support the trial court's determination that plaintiff had established that his use was adverse. *Id.* at 802-04.

The court's decision was not unanimous. The dissent took the majority to task for framing the issue as it

did, in terms of the three elements set out in a comment to the *Restatement (First) of Property*. According to the dissent, that definition of "adverse" use has never been adopted by this court, and it cannot be reconciled with subsequent Supreme Court and Court of Appeals case law. *Id.* at 827-31 (DeVore, J., dissenting). In the view of the dissent, the use of an existing road gives rise to a presumption that the use was permissive, and an uncommunicated belief in a right of use cannot suffice to rebut that presumption. *Id.* at 814-23 (DeVore, J., dissenting). The dissent contended that the majority's reliance on defendants' "concession" that plaintiff's use was open and notorious in resolving that issue was unwarranted; defendants conceded only that plaintiff's use was obvious, not that it was adverse in character. *Id.* at 824 (DeVore, J., dissenting). That left, the dissent said, the question whether plaintiff used Lewis Creek Road in a manner that interfered with defendants' own use of the road. As the dissent saw it, the record was uncontradicted that, at best, plaintiff's use of the road caused dust and noise, but did not in any way interfere with defendants' use of the road. *Id.* at 841-42 (DeVore, J., dissenting).

A concurring opinion agreed with the dissent that the trial court erred in concluding that the evidence showed that plaintiff's use of the road interfered with defendants'. The concurrence nevertheless joined the majority on the ground that defendant's concession that plaintiff's use was open and notorious eliminated any concern about whether plaintiff's mistaken claim of right ever was communicated to defendants. *Id.* at 804-12 (Lagesen, J., concurring).

We allowed review to address the elements of a claim for a prescriptive easement to use an existing road. We begin with some familiar legal principles. An easement is an interest in another's land, which grants its owner a right of limited use or enjoyment. *ODOT v. Alderwoods (Oregon), Inc.*, 358 Or 501, 512, 366 P3d 316 (2015) (An easement is "'a nonposessory interest in land because it generally authorizes limited uses of the burdened property for a particular purpose.'" (Quoting *Restatement (Third) of Property: Servitudes* § 1.2 comment d (2000).)); *see also* ORS 105.170(1) ("Easement means a nonpossessory interest in the land of another which entitles the holders of an interest

in the easement to a private right of way."). Because it is an interest in land, an easement ordinarily must be created in writing. *Shaw v. Profitt*, 57 Or 192, 214, 110 P 1092 (1910) ("The rule is that an easement can only be created by writing."). There are exceptions to that general rule, however. One is that easements may be created by prescription; that is, easements may be created through use over time and the operation of law.

The origin of prescription is a matter of some debate. Historically, it has been tied to the idea of a fictional "lost grant"—that long use must have originated in an early, but lost, lawful grant of the right—or to an analogy to statutes of limitations that apply to the related doctrine of adverse possession. *See generally Restatement (Third) of Property: Servitudes* § 2.17 comment b (2000) (discussing historical and theoretical bases of prescription). Whatever the doctrine's origins, its principal justification has been that "established patterns of land possession and use should be protected and that a diligent occupant should be rewarded at the expense of a careless owner." Jon W. Bruce & James W. Ely, Jr., *The Law of Easements and Licenses in Land* § 5:1, 5-5 (2008); *see also Restatement (Third)* § 2.17 comment c ("Prescription doctrine * * * penalizes the property owner who sleeps on his or her rights."). A critical underpinning of the doctrine thus is that the owner of land against whom a prescriptive easement is being claimed must have reason to know of the adverse use of his or her property before being held responsible for failing diligently to take action to protect it. As the court explained in *Feldman v. Knapp*, 196 Or 453, 473, 250 P2d 92 (1952),

> "[t]he foundation of the establishment of a right by prescription is the acquiescence on the part of the owner of the servient tenement in the acts which are relied upon to establish the easement by prescription. This makes it necessary that he know of those acts, or be charged with knowledge of them if he did not in fact know of them."

Accordingly, this court has held that not just any use will suffice to establish a prescriptive easement. The plaintiff "must establish an open and notorious use of defendants' land adverse to the rights of defendants for a continuous and uninterrupted period of ten years." *Thompson v. Scott*,

270 Or 542, 546, 528 P2d 509 (1974). Moreover, prescriptive easements are not favored by the law. *Wood v. Woodcock*, 276 Or 49, 56, 554 P2d 151 (1976). After all, the doctrine permits one person to acquire an interest in land without paying the owner for it. *See* Bruce & Ely, *The Law of Easements and Licenses in Land* § 5:3 at 5-11 ("Courts carefully scrutinize claims of easement by prescription because the recognition of such a servitude is inconsistent with the right of the servient owner to fully utilize the servient land."). As a result, the law requires that the elements of a prescriptive easement claim be established by clear and convincing evidence. *Williams v. Harrsch*, 297 Or 1, 6, 681 P2d 119 (1984).

Whether a plaintiff has established the requisite open and notorious use of another's land adverse to the other's interest for the requisite period is a question of fact. Historically, because of the equitable nature of a prescriptive easement claim, appellate review of the trial court's findings concerning the elements of the claim has been *de novo*. *Boyer v. Abston*, 274 Or 161, 163-64, 544 P2d 1031 (1976). In 2009, however, the legislature amended ORS 19.415(3) to provide that *de novo* review in such equity cases is now discretionary. In this case, the Court of Appeals declined to exercise discretion to review this case *de novo*. *Wels*, 269 Or at 787. Accordingly, assuming the trial court applied the correct legal standards, its findings of historical fact will be upheld if there is any evidence to support them. *[Sea River Properties, LLC v. Parks](#)*, 355 Or 831, 834, 333 P3d 295 (2014).

With those more general principles in mind, we turn to the particular elements of a prescriptive easement claim. Use qualifies as "open and notorious" if it provides the landowner with "a reasonable opportunity to learn of its existence and nature." *Thompson v. Schuh*, 286 Or 201, 211, 593 P2d 1138 (1979). The purpose of that requirement "is to give the owner of the servient estate ample opportunity to protect against the establishment of prescriptive rights." *Restatement (Third)* § 2.17 comment h.

Use is "adverse" if it is inconsistent with the owner's use of the property or if it is undertaken not in subordination to the rights of the owner. *Cf. [Faulconer v. Williams](#)*, 327

Or 381, 389, 964 P2d 246 (1998) (discussing "adverse" use in context of extinguishment of easement by adverse possession). Use by permission is not adverse. *See, e.g.*, *Baum v. Denn*, 187 Or 401, 406, 211 P2d 478 (1949) ("A prescriptive easement can never ripen out of mere permissive use no matter how long exercised.").

It is often stated that open and notorious use for the prescribed period gives rise to a rebuttable presumption of adverse use. *See, e.g.*, *Coventon v. Seufert*, 23 Or 548, 550-51, 32 P 508 (1893) ("[I]f there has been an uninterrupted use and enjoyment of an easement in a particular way for more than ten years, it affords a * * * presumption of right in the party who shall have enjoyed it."). That rule applies in ordinary cases, in which the person claiming the easement by prescription is a stranger to the landowner; under such circumstances, it makes sense to assume that obvious use of the owner's property is adverse to his or her rights. But the rule does not apply in all cases; in particular, when the nature of the land or the relationship between the parties is such that the use of the owner's property is not likely to put the owner on notice of the adverse nature of the use.

When, for example, an owner supplies permission to use a road across the owner's property, use in accordance with that permission will not give rise to a presumption that it is adverse; there must be proof that the claimant repudiated the owner's permission and communicated that repudiation to the owner. *Hamann v. Brimm*, 272 Or 526, 529-30, 537 P2d 1149 (1975). As this court explained in *Thompson v. Scott*, "[w]hen the use of the servient owner's land is permissive at its inception, the permissive character of the use is deemed to continue thereafter unless the repudiation of the license to use is brought to the knowledge of the servient owner." 270 Or at 548-49.

Similarly, when a claimant uses a road that the landowner constructed or that is of unknown origin, the claimant's use of the road—no matter how obvious—does not give rise to a presumption that it is adverse to the owner. As the court explained in *Woods v. Hart*, 254 Or 434, 436, 458 P2d 945 (1969), in such cases, "it is more reasonable to assume that the use was pursuant to a friendly arrangement

between neighbors rather than to assume that the user was making an adverse claim." *See also Trewin v. Hunter*, 271 Or 245, 248, 531 P2d 899 (1975) (if claimant and servient owner use an existing way of unknown origin, "it should be presumed that the servient owner constructed it for his own use" and that the claimant's use is permissive). That is especially the case when the use of the road by the claimant is nonexclusive. *Boyer*, 274 Or at 163-64.

When a claimant uses a preexisting road, the claimant must affirmatively establish that his or her use of the road is adverse. *Thompson v. Scott*, 270 Or at 551 ("the claimant must affirmatively prove the adverse character of his behavior"). Such adverse use may be demonstrated by clear and convincing evidence that the claimant's use of the road interfered with the owner's own use of the road. *Boyer*, 274 Or at 163-64. It bears some emphasis that the focus is on the extent to which the claimant's use interfered with the owner's own *use of the road*, not on the extent to which the claimant's use of the road somehow interfered with the owner's use or enjoyment of the property generally. It is only by interfering with the owner's use of the road that the claimant puts the owner on notice of the adverse character of his or her use. As the court emphasized in *Feldman*, to establish that the use of a road is adverse, there must be evidence of acts "of such nature and frequency as to give notice to the landowner of the right being claimed against him." 196 Or at 473.

The adverse character of the use of a preexisting road also may be established by evidence that the claimant used the road under a claim of right. *Hay v. Stevens*, 262 Or 193, 196, 497 P2d 362 (1972). It is not sufficient, however, for a claimant merely to believe that he or she has the right to use a road. There must be evidence that the owner of the property knew or should have known of that belief. *Davis v. Gassner*, 272 Or 166, 169, 535 P2d 760 (1975), provides an example of use under a claim of right. In that case, the plaintiffs sought a prescriptive easement of an existing road. Their use was nonexclusive. The court nevertheless concluded that they had demonstrated that their use was adverse, based on evidence that, when the defendant had attempted to stop them by stringing a wire across the

road, the plaintiffs cut the wire and used the road anyway. Moreover, they complained to the defendant about his attempts to interfere with their right to use the road. *Id.* at 168-69.

Having set out the elements of a prescriptive easement claim, we turn to the question whether there is evidence to support the trial court's findings that plaintiff satisfied them. At the outset, we note that it is undisputed that plaintiff did not construct Lewis Creek Road. The road is of uncertain origin and existed long before plaintiff acquired his property. It is likewise undisputed that plaintiff's use of the road was nonexclusive. In fact, all of the property owners along the road used it for access to and from the Crater Lake Highway.

Because plaintiff's prescriptive easement claim is based on his nonexclusive use of a preexisting road, the burden rests with him to establish by clear and convincing evidence that his use of the road was adverse. The trial court found that plaintiff met his burden by producing evidence that his use of the road created noise and dust that could be viewed or heard by defendants from their house some 60 to 80 feet from the road. That evidence is insufficient. It does not establish that plaintiff's use of Lewis Creek Road in any way interfered with defendants' use of the same road. In fact, there is a complete lack of evidence that anything that plaintiff did interfered with defendants' use of the road.

The trial court also found that plaintiff met his burden through testimony that he believed that he had the right to use Lewis Creek Road without any permission from defendant. As we have noted, however, an uncommunicated belief in a right to use property provides no notice to the owner of such a belief. It therefore cannot satisfy the essential requirement of adverse use, that is, that it inform the owner of the servient property that the claimant is asserting a right of use hostile to the rights of that owner. If a claimant who is engaging in nonexclusive use of a preexisting road fails to communicate his or her belief in a right to do so, there is no way for the owner to know that the claimant is asserting a right hostile to the owner's. As the court observed in *Woods*, "'the fact that [the owner] sees his

neighbor also making use of it, under circumstances that in no way injures the road, or interferes with his own use of it, does not justify the inference that he is yielding to his neighbor's claim of right or that his neighbor is asserting any right.'" 254 Or at 437-38 (quoting *Anthony v. Kennard Bldg. Co.*, 188 Mo 704, 723-24, 87 SW 921 (1905)).

The Court of Appeals concluded that the absence of any evidence that plaintiff communicated his belief that he had a right to use the road is no impediment to his prescriptive easement claim, because, according to the *Restatement (First) of Property*, an adverse use must be open and notorious, and defendants "conceded" that plaintiff's use of Lewis Creek Road was open and notorious. The Court of Appeals erred in reaching that conclusion.

To begin with, it is not entirely clear that the way that the *Restatement (First) of Property* sets out the elements of a prescriptive easement claim is consistent with the way that this court has set out the elements of the claim. The Court of Appeals itself noted that point in observing that, although this court has emphasized that, to support a prescriptive easement claim, use of another's property must be open and notorious, the *Restatement (First) of Property* relegates that consideration to an aspect of the adverse character of a claimant's use. *Wels*, 269 Or App at 795 n 3. The concurrence similarly noted that the description of what constitutes "adverse" use in the *Restatement (First) of Property* appears to be different from the way this court's cases describe such use. *Wels*, 269 Or App at 811 n 6 (Lagesen, J., concurring). To the extent that there is any inconsistency between a restatement of law and this court's case law, the latter—not the former—controls.

Aside from that, although this court has referred to a particular section of the *Restatement (First) of Property* or to a particular comment in some of its prior decisions, *e.g.*, *Thompson v. Schuh*, 286 Or at 211 (citing *Restatement (First) of Property* § 458 comment i); *Hay*, 262 Or at 196 (citing *Restatement (First) of Property* § 458 comment c), that does not necessarily mean that it has endorsed all of that particular restatement's provisions and comments or that the court is constrained to ignore later developments in the

case law. *See, e.g.*, *Jones v. Mitchell Bros. Truck Lines*, 273 Or 430, 433, 541 P2d 1287 (1975) (declining to follow earlier version of *Restatement of Judgments*).

Finally, we do not agree that defendants, by using the phrase "open and notorious" in reference to plaintiff's use of the road, effectively conceded that plaintiff's use was adverse. As we have noted, defendants' trial memorandum used that phrase in describing the proper method of analysis in light of the case law that we have described. The memorandum asserted that, although open and notorious use ordinarily triggers a presumption that the use is adverse, this is *not* such a case. Defendants argued, both in their trial memorandum and in their opening statement, that because plaintiff in this case engaged in nonexclusive use of an existing road, plaintiff "still has to come up with some other way to prove adversity by clear and convincing evidence. And I don't think he's got that." Defendants' entire case at trial, in fact, was that plaintiff's use of Lewis Creek Road was not of the sort that would put them on notice as to the adverse nature of that use. And that, as we have also noted, is precisely how plaintiff understood defendants' arguments.

To summarize: The undisputed evidence shows that plaintiff engaged in nonexclusive use of the existing Lewis Creek Road. To prevail on his prescriptive easement claim, therefore, he must supply clear and convincing evidence that his use of the road was adverse. There is a complete absence of evidence in the record that plaintiff did so. Evidence that his use of the road may have caused dust and noise is legally insufficient; such evidence does not demonstrate any interference with defendants' own use of the road. And evidence that plaintiff believed that he had a right to use the road without defendants' permission likewise is legally insufficient, in the absence of evidence that he communicated that belief to defendants. The trial court therefore erred in finding for plaintiff on his prescriptive easement claim, and the Court of Appeals erred in affirming the trial court's judgment.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.