Argued and submitted March 28, 2019; vacated in part and remanded for entry
of judgment declaring parties' rights, award of attorney fees reversed
May 13, 2020

Scott W. WATERS;
Rodney Lee Campuzano; Judy Campuzano;
Andrew J. Niedzwiecke; Judith D. Niedzwiecke;
Cadwell Family Trust; and KC Development Group LLC,
an Oregon limited liability company,
*Plaintiffs-Appellants,*

*v.*

KLIPPEL WATER, INC.,
an Oregon domestic non-profit corporation,
*Defendant-Respondent.*

Deschutes County Circuit Court
16CV03207; A165995

464 P3d 490

Plaintiffs appeal from the dismissal of a complaint seeking a declaratory judgment stating that they are entitled to an easement and awarding partial attorney's fees under ORS 20.105(1) because there was no "objectively reasonable basis" for their claim. Plaintiffs argue the trial court erred in concluding that their complaint failed to allege ultimate facts which, taken as true, would entitle them to an easement either by prescription or implication. *Held*: Plaintiffs are not entitled to either easement. For the prescriptive easement, plaintiffs' complaint failed to allege facts sufficient to demonstrate that their use of the road was adverse. For the easement by implication, plaintiffs' complaint failed to allege facts sufficient to demonstrate the parties' expectations at the time the original grantor's parcel was severed. However, the trial court erred in awarding attorney's fees under ORS 20.105(1) because the record was not entirely devoid of support for either claim. Additionally, as a procedural matter, it was error for the trial court to dismiss a claim for declaratory judgment for failing to state a claim. The case must be remanded for the trial court to enter a declaration of the parties' rights.

Vacated in part and remanded for entry of judgment declaring parties' rights; award of attorney fees reversed.

Beth M. Bagley, Judge.

Sara Kobak argued the cause for appellants. Also on the briefs was Schwabe, Williamson & Wyatt, P.C.

Megan K. Burgess argued the cause for the respondent. Also on the brief was Peterkin & Associates.

Before DeHoog, Presiding Judge, and Kamins, Judge, and Landau, Senior Judge.*

KAMINS, J.

Vacated in part and remanded for entry of judgment declaring parties' rights; award of attorney fees reversed.

_____

* Kamins, J., *vice* Hadlock, J. pro tempore.

**KAMINS, J.**

This dispute involves plaintiffs' access (or lack thereof) to an unfinished road on defendant's property. Plaintiffs, a group of defendant's neighbors, sought a judgment declaring that they enjoy a prescriptive or, in the alternative, implied easement to use the road, and granting an injunction preventing defendant from blocking it. The trial court dismissed the complaint for failure to state a claim and awarded partial attorney fees to defendant because it concluded that the majority of the plaintiffs' claims were objectively unreasonable. We affirm the trial court's decision that the complaint fails to allege sufficient facts to support a declaratory judgment but reverse the award of attorney fees. We further remand so that the trial court may enter a declaration stating the rights of the parties in accordance with this opinion.

Because the case is before us on a motion to dismiss under ORCP 21 A(8), "we accept as true all well-pleaded factual allegations in the complaint and make reasonable inferences from those allegations in favor of plaintiffs." *Kutz v. Lee*, 291 Or App 470, 472, 422 P3d 362 (2018). To decide whether plaintiffs are entitled to declaratory relief, we must determine if those allegations are legally sufficient to establish the existence of a justiciable controversy. *Hays v. Dept. of Corrections*, 280 Or App 173, 174, 380 P3d 1159 (2016). When a trial court dismisses a declaratory judgment action based on a determination of the merits of the claim, we review that determination as a matter of law. *Doe v. Medford School Dist. 549C*, 232 Or App 38, 46, 221 P3d 787 (2009).

According to the complaint, Carl and Letha Klippel owned a large plot of land in Deschutes County that they partitioned and sold to different buyers over the course of the 1960s and 1970s. The Klippels did not sell their entire plot at that time, but rather maintained ownership over a small portion that included the unfinished roadway at the center of this dispute. In 1982, the Klippels transferred ownership of that piece of land to the defendant, Klippel Water, Inc.

Although none of them purchased the property directly from the Klippels, plaintiffs are the current owners of the properties the Klippels sold. Each of the plaintiffs—and

many of the plaintiffs' predecessors—regularly used the unfinished road as the only direct connection between two larger roads, Buck Drive and Palla Lane. Buck Drive and Palla Lane essentially form a "V" that does not connect at the bottom, and plaintiffs have been using the unfinished roadway on defendant's property as a connector to those roads. Only one of the plaintiffs' properties borders defendant's property—the other plaintiffs have used the roadway as a shorter route to their properties than other available roads. In 2014, defendant erected a fence blocking plaintiffs' access to the unfinished road, spurring this lawsuit.



Palla Lane

Buck Drive

Unfinished Road

Plaintiffs' complaint alleged that they are entitled to an easement to the road on defendant's property, either by prescription or implication. After plaintiffs filed the operative complaint, the Oregon Supreme Court issued its decision in *Wels v. Hippe*, which clarified the standard applicable to prescriptive easements. 360 Or 569, 580, 385 P3d 1028 (2016), *adh'd to as modified on recons*, 360 Or 807, 388 P3d 1103 (2017) (holding that, when seeking an easement in a

preexisting road, the plaintiff must affirmatively establish adversity). Applying that standard, the trial court dismissed the complaint because plaintiffs had failed to allege facts that, even if true, would be sufficient to establish that they were entitled to either a prescriptive or an implied easement. The trial court also did not allow plaintiffs leave to amend their complaint and awarded partial attorney fees to defendant.

In evaluating whether the plaintiffs are entitled to an easement, we recognize that easements that do not explicitly arise from a property deed are generally disfavored. *Dressler et al v. Isaacs et al*, 217 Or 586, 596, 343 P2d 714 (1959) (concluding that implied easements are disfavored); *Wels*, 360 Or at 578 (concluding that prescriptive easements are disfavored).

We turn first to plaintiffs' contention that they obtained an easement to the roadway by prescription. A prescriptive easement arises when a plaintiff can demonstrate open, notorious, and adverse use of another's property that is continuous for a period of 10 years. *Thompson v. Scott*, 270 Or 542, 546, 528 P2d 509 (1974). Generally, open and notorious use of another's property gives rise to the presumption that the use is adverse. *Wels*, 360 Or at 579. However, if a plaintiff claims an easement to a road that already exists, the plaintiff's "use of the road—no matter how obvious—does not give rise to a presumption that it is adverse to the owner." *Id*. Rather, "it is more reasonable to assume that the use was pursuant to a friendly arrangement between neighbors *** than to assume that the user was making an adverse claim." *Id*. (quoting *Woods v. Hart*, 254 Or 434, 436, 458 P2d 945 (1969) (internal quotation marks omitted). Accordingly, plaintiffs bear the burden to demonstrate that their use of the preexisting road is adverse. To meet that burden, the question is whether plaintiffs' use "interfered with the owner's own *use of the road*, not *** the extent to which [plaintiffs'] use of the road somehow interfered with the owner's use or enjoyment of the property generally." *Id*. at 580 (emphasis in original).

Here, there is no question that the road was preexisting—according to the complaint, Carl Klippel

established the road himself. As a result, plaintiffs bear the burden of establishing adversity; that is, they must allege facts that would demonstrate that their use of the road on defendant's property interfered with defendant's use of that road. The complaint, however, fails to allege sufficient facts to support that conclusion. Plaintiffs allege that they have used the road for a number of nonintrusive activities, including driving home, visiting neighbors, running, and riding horses. Nothing about those activities suggests interference with defendant's use. *Cf. Wels*, 360 Or at 581 (creating noise and dust observable from landowners' home did not amount to interference with landowners' use of road). Absent any allegation establishing that plaintiffs' use interfered with defendant's, the trial court correctly concluded that the complaint failed to establish adversity.

On appeal, plaintiffs contend that they need not make that showing. Rather, according to plaintiffs, they must only allege that defendant "knew or should have known that the [plaintiffs] believed that [they] had a right to use the road." In support, plaintiffs point to language in *Wels* stating that one way a plaintiff can meet its burden to show that its use of a preexisting road is adverse is to prove that the plaintiff "used the road under a claim of right." 360 Or at 580. According to plaintiffs' argument, allegations reflecting the fact that defendant knew that plaintiffs and others were using the road for many years creates the inference that defendant was on notice that these plaintiffs believed they had a legal right to the road. That reflects a misunderstanding of *Wels*.

In *Wels*, the plaintiff also sought a prescriptive easement to a preexisting road on the defendant's property. *Id.* at 571. The parties agreed that the plaintiff had been—and believed he had the right to—use the preexisting road openly for many years, but they disagreed over the import of that fact. *Id.* at 573-74. The plaintiff argued that he had met his burden to establish adversity because of his belief that he had the right to use the road with or without defendant's permission. *Id.* at 574. The defendant countered that the plaintiff's uncommunicated belief failed to put the defendant on notice of adversity. *Id.* at 575. In a divided opinion, we sided with the plaintiff, concluding that the plaintiff's

belief that he had the right to use the road was adequate to demonstrate adversity. *Wels v. Hippe*, 269 Or App 785, 804, 347 P3d 788 (2015), *rev'd*, 360 Or 569, 385 P3d 1028 (2016).

The Oregon Supreme Court reversed. 360 Or at 583. The court explained that a "principal justification" for the doctrine of a prescriptive easement is that "a diligent occupant should be rewarded at the expense of a careless owner." *Id.* at 577. Because the creation of a prescriptive easement "penalizes the property owner who sleeps on his or her rights," the Supreme Court reasoned that it is essential that the owner "must have reason to know of the adverse use of his or her property before being held responsible for failing diligently to take action to protect it." *Id.* Accordingly, "an uncommunicated belief in a right to use property provides no notice to the owner of such a belief. It therefore cannot satisfy the essential requirement of adverse use, that is, that it inform the owner of the servient property that the claimant is asserting a right of use hostile to the rights of that owner." *Id.*

That reasoning resolves plaintiffs' claim. Their uncommunicated belief that they had a legal right to the road on defendant's property "is legally insufficient, in the absence of evidence that [plaintiffs] communicated that belief to defendant[]." *Id.* at 583. Plaintiffs did not communicate that belief to defendant, and there is no reason for defendant to conclude that years of permissive nonexclusive use of the preexisting roadway had converted into a claim of right dominant to defendant's. *Cf. Davis v. Gassner*, 272 Or 166, 168-69, 535 P2d 760 (1975) (adversity established when plaintiffs "frequently protested defendants' flooding of the road under a claim of right to use the road" and had previously cut the wire the defendants strung across the road to prohibit their use); *see also Baum et ux v. Denn et al*, 187 Or 401, 406, 211 P2d 478 (1949) ("A prescriptive easement can never ripen out of mere permissive use no matter how long exercised.").

If they cannot establish an easement by prescription, plaintiffs' alternate theory is that an implied easement arose when their predecessors purchased the land. An easement may be implied "when the circumstances that *exist at*

*the time of severance of a parcel* establish that the grantor of the parcel intended to create an easement." *Manusos v. Skeels*, 263 Or App 721, 730, 330 P3d 53 (2014) (emphasis in original). We consider several factors to inform that analysis: (1) whether the plaintiff is the conveyor or the conveyee; (2) the terms of the conveyance; (3) the consideration given for it; (4) whether the claim is made against a simultaneous conveyee; (5) the extent of necessity of the easement; (6) whether reciprocal benefits result to the conveyor and the conveyee; (7) the manner in which the land was used prior to its conveyance; and (8) the extent to which the manner of prior use was or might have been known to the parties. *See Cheney v. Mueller*, 259 Or 108, 118-19, 485 P2d 1218 (1971) (citing *Restatement (First) of Property* § 476 (1944)). Those factors are designed to elucidate "the essential question[:] * * * whether a reasonable purchaser would be justified in expecting the easement under the circumstances in which he or she purchased the land." *Garrett v. Mueller*, 144 Or App 330, 341, 927 P2d 612 (1996), *rev den*, 324 Or 560 (1997).

To answer that essential question, we must travel through time—in this case, fifty years in the past—to evaluate whether a reasonable property purchaser would have expected to have acquired an easement to use the roadway. The complaint, however, does not take us where we need to go. Indeed, it is sparse on any allegations relating to the terms and facts surrounding the sale of land in the 1960s and 1970s. That renders our analysis of the *Cheney* factors nearly impossible. For example, there are no factual allegations relating to the conveyance itself, such as its terms or consideration. Nor are there any allegations about the initial purchasers that would evince their understanding of the sale. Although the complaint contains copious descriptions of the plaintiffs' and some of their predecessors' use of the roadway, there are no allegations supporting a conclusion that the original buyers believed they acquired an easement.

The only relevant allegation is that Klippel filed a survey in 1975 that contained the words "road easement" at the site of the unfinished road. That fact, however, cannot by itself answer the "essential question" of the property

buyers' expectations. There is no allegation that the buyers knew of that survey when they made their property purchase; indeed, it postdates several of the purchases. There is, quite simply, no allegation of what the buyers knew at all. Taking all inferences in favor of plaintiffs—including that Klippel was aware of some form of easement—that allegation does not resolve the question of whether the purchasers reasonably expected that they acquired an easement to use a roadway on another plot of land. *Cf. Manusos*, 263 Or App at 732 (implied water easement existed because parcel was advertised as having a koi pond and lush gardens with irrigation and plaintiff confirmed the availability of irrigation before purchasing).

Plaintiffs' reliance on an allegation relating to another *Cheney* factor—the "necessity" of the easement—is misplaced. Again, the allegations focus on recent use of the land, and therefore cannot elucidate the original buyers' understanding. Even if plaintiffs' necessity allegations were not temporally problematic, they fall short of establishing reasonable necessity as we interpret the term. Plaintiffs contend that the easement is necessary because it is "the only direct access" between Buck Drive and Palla Lane. Specifically, the complaint alleges that "[t]he Easement is necessary as a secondary ingress and egress, and substantially more convenient as a primary route." A secondary egress, even if more convenient, is by definition not *necessary* because a primary egress exists. *Manusos*, 263 Or App at 733 ("[R]easonable necessity should not be grounded in mere convenience, but rather in the necessity appearing from the apparent purpose, the adaptability, and the known use to which the property is to be put.").

At its core, plaintiffs' argument is that they have used the road without complaint for many years. And yet that fact is irrelevant to an analysis of whether an implied easement exists. That analysis involves a historical inquiry and plaintiffs have failed to allege historical facts to inform it. Accordingly, we agree with the trial court that plaintiffs are not entitled to an easement.[1]

---

[1] We reject plaintiffs' assignment of error to the trial court's decision to dismiss the second amended complaint with prejudice without discussion.

We next turn to the trial court's decision to award attorney fees. Under ORS 20.105(1) a trial court shall award reasonable attorney fees to a party who prevails against a claim if the court determines that there "was no objectively reasonable basis for asserting the claim." We review a trial court's decision to award fees under ORS 20.105(1), for errors of law. *Cejas Commercial Interiors, Inc. v. Torres-Lizama*, 260 Or App 87, 111, 316 P3d 389 (2013).

Because plaintiffs' claim was not "entirely devoid of legal or factual support," we reverse the trial court's award of attorney fees. *See Williams v. Salem Women's Clinic*, 245 Or App 476, 482, 263 P3d 1072 (2011) ("A claim lacks an objectively reasonable basis only if it is entirely devoid of legal or factual support." (internal quotation marks omitted)). For the implied easement claims, the complaint alleges the existence of a recorded survey around the time frame of the property conveyances. Although the recorded survey falls short, on its own, of establishing an easement by implication, it does amount to "factual support" sufficient to render the claims more than objectively unreasonable. *See also Cejas*, 260 Or App at 111 (reversing award of attorney fees because even though "the court ultimately found defendants' evidence unpersuasive, there was some evidence in the record supporting defendants' position").

For the prescriptive easement claims, the trial court found those objectively unreasonable as to several of the plaintiffs that had not alleged a full 10 years of open and continuous use of the roadway. However, the complaint alleges that all plaintiffs have used the road for years, and that some plaintiffs, their predecessors, and others used the road for as many as 40 years. Although the complaint fails to allege the specifics of the use of two of plaintiffs' predecessors, at this stage of the proceedings we must resolve all inferences in favor of plaintiffs. Years of use by all current property owners and more than 10 years of continuous use by neighboring property owners, gives rise to a possible inference that the road was in continuous use by owners of all the plaintiffs' properties. Because that evidence provides "some basis" for the implied easement claim, it was not "'entirely devoid' of support when it was made." *Williams*,

245 Or App at 484. Accordingly, we reverse the trial court's award of attorney fees.

Finally, although not raised by the parties, we address the procedure that brought the case before us. The trial court dismissed a complaint seeking a declaratory judgment for failure to state a claim for relief. That was error. A complaint for declaratory judgment states a claim for "relief" if it properly requests the relief of a declaration, even if the declaration is ultimately not the one the plaintiff wanted. *Harrison v. Port of Cascade Locks*, 27 Or App 377, 379 n 1, 556 P2d 160 (1976). Accordingly, in a declaratory judgment action, "[t]he proper procedure is for the defendant to answer and for the parties then to submit the matter to the court for a declaration as to the merits of the claim." *Doe,* 232 Or App at 46 (citing *Advance Resorts of America, Inc. v. City of Wheeler*, 141 Or App 166, 180, 917 P2d 61, *rev den*, 324 Or 322 (1996)). However, "[w]hen the dismissal of a declaratory judgment action was clearly based on a determination of the merits of the claim, *** our practice has been to review that determination as a matter of law and then remand for the issuance of a judgment that declares the rights of the parties in accordance with our review of the merits." *Id*. Accordingly, although we agree with the trial court's resolution of the claim, we remand for the court to enter a declaration of the parties' rights in accordance with this opinion.[2]

Vacated in part and remanded for entry of judgment declaring parties' rights; award of attorney fees reversed.

---

[2] At times, we have refused to consider the merits in a case, such as this one, where a defendant filed a motion to dismiss for failure to state a claim rather than file an answer and motion for judgment on the pleadings. *Reynolds v. State Board of Naturopathic Exam.*, 80 Or App 438, 442, 722 P2d 739 (1986) (expressing "no opinion on the merits of this case, because defendants have not yet answered and moved for a judgment on the pleadings"); *id*. at 443 ("decry[ing] that we must send this case back to the trial court, even though plaintiff obviously is not entitled to relief") (Warden, J., concurring).

Our practice post-*Doe* has been to address the merits and remand to the trial court to enter a declaration of rights, alleviating the requirement that a defendant file an answer. *See e.g.*, *Curry v. Clackamas County*, 240 Or App 531, 536, 248 P3d 1, *rev den*, 350 Or 573 (2011). Indeed, there is no value in remanding to demand a defendant file an answer where the defendant asserts that, even if that answer admitted all the complaint's allegations, a plaintiff would not be entitled to the declaration sought. *See* ORCP 21 A(8).