Argued and submitted November 4; dismissal of claims 1 and 2 reversed and remanded, otherwise affirmed December 1, 2021; petition for review denied April 21, 2022 (369 Or 675)

EAST SIDE PLATING, INC.,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

CITY OF PORTLAND,
*Defendant-Respondent.*

Multnomah County Circuit Court
19CV44791; A174138

502 P3d 1192

Eric J. Bloch, Judge.

Charles A. Ford argued the cause for appellant. Also on the briefs was Rose Law Firm, P.C.

Denis Vannier argued the cause and filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Dismissal of claims 1 and 2 reversed and remanded; otherwise affirmed.

## PER CURIAM

Plaintiff appeals a judgment that dismissed its claims for declaratory and supplemental relief under the Uniform Declaratory Judgments Act, ORS 28.010 to 28.160, (Claims 1 and 2), as well as a tort claim. On the claims for declaratory and supplemental relief, plaintiff seeks a declaration of its rights under a City of Portland ordinance, and related supplemental relief. On the city's motion, the trial court dismissed those claims for failure to state a claim under ORCP 21 A(8). It did so because, in a previous action, the United States District Court for the District of Oregon determined that the city had no ongoing obligations to plaintiff under the ordinance. That prior ruling, the trial court concluded, means that the doctrine of issue preclusion bars plaintiff from relitigating the issue of the city's obligations under the ordinance, making dismissal appropriate. Although we agree with the trial court's issue-preclusion ruling, under our longstanding case law, the court erred by dismissing the case instead of entering a declaration of the parties' respective rights and obligations, in view of the prior federal court ruling.

On the issue of the dismissal, the law is clear that a declaratory judgment action cannot be dismissed for failure to state a claim under ORCP 21 A(8): "[A] failure to state a claim is not a proper basis for dismissing a declaratory judgment action." *Erwin v. Oregon State Bar*, 149 Or App 99, 106, 941 P2d 1094 (1997); *see Waters v. Klippel Water, Inc.*, 304 Or App 251, 261, 464 P3d 490 (2020) (same); *Doe v. Medford School Dist. 549C*, 232 Or App 38, 45-46, 221 P3d 787 (2009) (same; summarizing cases). One way or another, if there is a justiciable controversy, then the court must enter "a judgment that declares the rights of the parties[.]" *Doe*, 232 Or App at 46.

Implicitly, if not explicitly, recognizing this, on appeal, the city recasts the trial court's dismissal of the case as a dismissal for lack of justiciable controversy. In essence, the city argues that because the issue that plaintiff seeks to litigate in this case was resolved against it in the prior federal case, the doctrine of issue preclusion means that

plaintiff lacks standing to pursue this declaratory judgment action seeking to resolve the same issue.

That argument is not tenable. The city's motion to dismiss and the trial court's ruling were not based on lack of standing, they were based on the conclusion that the claims at issue did not state a claim for which the requested relief was available. Plaintiff also plainly has standing to seek the declaration it has requested; the provision that plaintiff seeks to have construed was adopted explicitly for plaintiff's benefit, and a declaration that the city had continuing obligations under it would have a concrete effect on plaintiff's interests, in particular, its interest in accessing its property. *See MT & M Gaming, Inc. v. City of Portland*, 360 Or 544, 546-47, 383 P3d 800 (2016) (discussing standing requirements under the Uniform Declaratory Judgments Act). Finally, the fact that a party might eventually lose on the merits on a claim—on the ground of issue preclusion or otherwise—does not translate to the conclusion that the party lacks standing to bring it. If that were the case, no one would ever have standing.

Thus, the trial court therefore erred in dismissing the claim for declaratory relief and the dependent claim for supplemental relief. That conclusion does not end our work on appeal. We must examine the merits of the trial court's ruling, as is our approach when a trial court has erroneously dismissed a claim for declaratory relief based on a merits decision, as happened here. *Waters*, 304 Or App at 261.

On the merits, we agree with the trial court that, under *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993), the elements of issue preclusion are met. Further, we are not persuaded by plaintiff's arguments that it is unfair to apply the doctrine in this case. *See State v. Manwiller*, 295 Or App 370, 378-79, 435 P3d 770 (2018) (requiring courts to consider whether application of issue preclusion is fair under the circumstances). On remand, the trial court should enter a declaration to that effect. *See Hunt v. City of Eugene*, 249 Or App 410, 430, 278 P3d 70, *rev den*, 353 Or 103 (2012) (affirming judgment declaring that plaintiffs "are not entitled to" the declaration they sought where

the doctrine of issue preclusion barred them from obtaining the relief that they wanted).

Dismissal of claims 1 and 2 reversed and remanded; otherwise affirmed.